

# NUMBER 13-23-00407-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**NICHOLAS WADE,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

## ON APPEAL FROM THE 94TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Chief Justice Contreras**

Appellant Nicholas Wade pleaded guilty to two counts of aggravated assault with a deadly weapon and one count of burglary of a habitation while committing or attempting to commit a theft, both second-degree felonies. *See* Tex. Penal Code Ann.

§§ 22.02(a)(2), 30.02(c)(2).[1] The trial court placed appellant on ten years' deferred-adjudication community supervision. The State later filed a motion to revoke appellant's community supervision. After a hearing on the State's motion to revoke, the trial court found that appellant violated the terms of his community supervision and adjudicated appellant guilty of the offenses. The trial court sentenced appellant to fourteen years' imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex.

---

[1] The indictment alleged that Wade committed burglary of a habitation by intentionally or knowingly entering a habitation, without the effective consent of the owner, and attempting to commit or committing the felony offense of aggravated robbery or aggravated assault. This offense would be a first-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(d)(2). However, in his plea paperwork, Wade stipulated that he entered a habitation without the effective consent of the owner and committed or attempted to commit a theft; this is a second-degree felony. *See id.* § 30.02(c)(2). The order of deferred adjudication lists first-degree felony burglary as the charged offense, but the judgment of conviction states that Wade was convicted of three second-degree felony counts.

App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the

3

opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
23rd day of May, 2024.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.